In the Matter of the Appeal of Colleen **RUSSMAN, a Child with Disabilities, by her parents, Patricia and Paul Russman, Plaintiff,**

v.

**BOARD OF EDUCATION OF THE EN-LARGED CITY SCHOOL DISTRICT OF THE CITY OF WATERVILET, Defendant.**

No. Civ. 93–CV–905 RWS.

United States District Court, N.D. New York.

April 11, 2000.

Civil Rights and Disabilities Law Project, Albany Law School, Albany, NY (Nancy M. Maurer, of counsel), for plaintiff.

New York State School Boards Association, Albany, NY (Jay Worona, of counsel), Hicks & Bailly, Albany, NY (Stephen F. Bailly, of counsel), for defendant.

## MEMORANDUM DECISION AND ORDER

RALPH W. SMITH, Jr., United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c). This action is before this Court having been remanded from the United States Court of Appeals for the Second Circuit with a mandate to determine solely the effect of New York State Education Law § 3602-c and of the Free Exercise Clause of the First Amendment on the obligation of defendant to provide Plaintiff with certain services on-site at St. Brigid's Regional Catholic School. Plaintiff also moves this Court pursuant to Rule 15 of the Federal Rules of Civil Procedure for an Order granting leave to amend her complaint.

It should be noted that Plaintiff Colleen Russman, now of high school age, has attended Defendant school district's public schools as St. Brigid's does not offer a high school program. During her enrollment in public school, "the School District has provided the plaintiff (sic) with every special education and related service called for in her [individualized education plan]." Def's. Mem. in Supp. of Summ.J. at 2. Although the issues are moot as to the provision of services at St. Brigid's, this Court addresses those issues as directed by the Second Circuit. *Russman v. Board of Educ.*, 150 F.3d 219 (2d Cir.1998).

## I. BACKGROUND

The Court assumes familiarity with the facts described in prior appellate decisions relating to this matter in *Russman v.* *Board of Educ.*, 150 F.3d 219; *Russman v. Sobol*, 85 F.3d 1050 (2d Cir.1996), *vacated sub nom. Board of Educ. v. Russman*, 521 U.S. 1114, 117 S.Ct. 2502, 138 L.Ed.2d 1008 (1997), and in the two opinions of the district court, *Russman v. Board of Educ.*, 945 F.Supp. 37 (N.D.N.Y.1995); *Russman v. Board of Educ.*, No. 93-CV-905, 1994 WL 903488 (N.D.N.Y. June 24, 1994).

## II. DISCUSSION

### A. New York State Education Law § 3602-c

▮ Although the parties herein agree that New York Education Law § 3602-c requires Defendant school district to provide certain special educational services to Plaintiff, at issue is the location where these services should have been offered. Plaintiff contends that the law requires the school district to offer the agreed-upon services at St. Brigid's Regional Catholic School. Defendant, however, asserts that it is required only to offer such services at its public schools and that the provision of such services elsewhere is merely permissive.

The express statutory language of § 3602-c requires school districts to "furnish services to pupils who are residents of this state and who attend nonpublic schools in such school districts, upon the written request of the parent, guardian or person legally having custody of any such pupil." N.Y.Educ.Law § 3602-c(2) (McKinney 1992 & Supp.1999). These services include:

education for students with handicapping conditions, and counseling, psychological and social work services related to such instruction provided during the regular school year for pupils enrolled in a nonpublic school located in a school district, provided that such instruction is given to pupils enrolled in the public schools of such district.

N.Y.Educ.Law § 3602-c(1)(a). Also relevant to the case at bar is another provision

of New York Education Law § 3602–c which states:

> [p]upils enrolled in nonpublic schools for whom services are provided pursuant to the provisions of this section shall receive such services in regular classes of the public school and shall not be provided services separately from pupils regularly attending the public schools.

N.Y.Educ.Law § 3602–c(9).

Plaintiff is correct in stating that the "school district is not statutorily compelled to offer special education services exclusively at its public schools and it is not without authority to provide them at other sites, including parochial schools." Pl's. Mem. in Supp. of Summ.J. at 7 (citing *Board of Educ. of the Monroe–Woodbury Sch. Dist. v. Wieder*, 72 N.Y.2d 174, 531 N.Y.S.2d 889, 527 N.E.2d 767 (1988)). However, Plaintiff does not offer support for her assertions, which would have compelled the school district to provide the necessary services at St. Brigid's. In fact, a reading of § 3602–c(9) results in a contrary outcome. Subdivision 9 leads the Court to the conclusion that Defendant was not required by law to provide Plaintiff with the necessary services on-site at St. Brigid's Regional Catholic School.

Plaintiff relies primarily on *Wieder* whose facts are similar to the case at bar. In *Wieder* the court addressed where certain special educational services were to be provided to children whose condition was similar to Plaintiff's. The Board of Education sought judgment declaring that services sought by the parents and handicapped children in the incorporated Village of Kiryas Joel were to be furnished only in regular public schools. *Wieder*, 72 N.Y.2d at 178, 531 N.Y.S.2d 889, 527 N.E.2d 767. By contrast, the parents and children sought a declaration which would require the Board "to furnish these services in classes conducted on the premises of the school the children attend for their normal educational instruction." *Id.* at 179, 531 N.Y.S.2d 889, 527 N.E.2d 767.

The New York Court of Appeals held that "section 3602–c authorizes services to

private school handicapped children and affords them an option of dual enrollment in public schools, so that they may enjoy equal access to the full array of specialized public school programs; if they become part-time public school students ... the statute directs that they be integrated with other public school students, not isolated from them." *Id.* at 184, 531 N.Y.S.2d 889, 527 N.E.2d 767. The court thus found that plaintiff Board of Education was "not compelled by law to offer defendants such services in the classes and programs of their nonpublic schools at a neutral site." *Id.* at 189–90, 531 N.Y.S.2d 889, 527 N.E.2d 767. Since that court refused to require the plaintiff Board of Education to provide the necessary services at a neutral site, there is no reason to indicate that the court would have gone further by requiring the provision of these services in a parochial setting. This Court finds the reasoning of the New York Court of Appeals to be persuasive and adopts such a conclusion.

Plaintiff does not point to any language in the New York Education Law nor in *Wieder*, nor can the Court find any other source, which would lead to a different result. Therefore, the provision of the requested services at St. Brigid's was permissive rather than compulsory.

It should be noted that the Court of Appeals for the Second Circuit, in an earlier opinion in this case, reached a similar conclusion in applying the federal Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). There, the Second Circuit held that "the statute does not require a school district to provide on-site services to a disabled child who is voluntarily enrolled in private school." *Russman v. Board of Educ.*, 150 F.3d 219, 222 (2d Cir.1998).

**B. First Amendment Free Exercise Clause**

▮▮ The premise of Plaintiff's argument under the Free Exercise Clause of the First Amendment is based upon the asser-

tion that she was statutorily entitled to the provision of special education services on-site at St. Brigid's Regional Catholic School. As stated above, Plaintiff is incorrect in that assertion and, therefore, her claim must be rejected.

As defense counsel correctly points out, the cases cited by Plaintiff involve "specific entitlements and a choice by the [Plaintiff] ... between the (sic) obtaining the entitlement benefits and the exercise of First Amendment rights." Def's. Mem. in Supp. of Summ.J. at 16. In the case at bar, there was no specific entitlement to the provision of services at St. Brigid's and, therefore, Defendant is not forcing Plaintiff to make such a choice.

Both parties agree that parents have a right to direct the upbringing of their children, which includes the right to place a child in a nonpublic school. *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925). The Russmans opted to exercise this right by enrolling Colleen at St. Brigid's. Although they have a right to do so, such right "does not confer entitlement to such funds as may be necessary to realize all the advantages of that freedom." *Harris v. McRae*, 448 U.S. 297, 318, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980). The Defendant was therefore not required to subsidize the cost of Plaintiff's exercise of a Constitutionally protected right. *Regan v. Taxation With Representation*, 461 U.S. 540, 546, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983) (citing *Cammarano v. U.S.*, 358 U.S. 498, 515, 79 S.Ct. 524, 3 L.Ed.2d 462 (1959) (Douglas, J., concurring)).

### C. Plaintiff's Motion to Amend the Complaint

Two factors require this Court to deny Plaintiff's motion to amend her complaint. The Court finds that Plaintiff's motion is both untimely and beyond the scope of the issues to be determined by this Court in accordance with the order of remand by the Court of Appeals for the Second Circuit. *Russman*, 150 F.3d at 219.

Once a responsive pleading has been served, a party may amend its pleadings by leave of the court and leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has set forth the circumstances under which courts should allow such amendments:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to prove deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rule requires, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (quoting Fed.R.Civ.P. 15(a)).

■ Plaintiff's motion seeking leave to amend her complaint was brought approximately five and one-half years after the court-ordered deadline for amending the pleadings. To grant Plaintiff's motion now would contravene the purpose of Rule 16(b), which requires district court judges to set scheduling orders for cases. The Court of Appeals for the Second Circuit had occasion to address a similar issue in *Parker v. Columbia Pictures*, 204 F.3d 326 (2d Cir.2000). There, the Second Circuit examined the balance between Rule 15(a) "with Rule 16(b)'s requirement that scheduling orders 'shall not be modified except upon a showing of good cause.'" *Parker* 204 F.3d at 339 (quoting Fed.R.Civ.P. 16(b)). Similarly, the Eleventh Circuit in *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir.1998) (per curiam), looked to Rule 16(b)'s "good cause" standard instead of the more liberal standard of Rule 15(a) and held that "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless." *Sosa*, 133 F.3d at 1419.

The Second Circuit in *Parker* held that the district court did "not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has

failed to establish good cause." *Parker,* 204 F.3d at 340. Plaintiff herein has not offered any good cause as to why the Court should grant her leave to amend her complaint at this late date. To do so would undoubtedly prejudice Defendant and, thus, this Court will not permit amendment.

■ The other basis on which the Court denies Plaintiff's motion seeking leave to amend her complaint is that said motion is beyond the scope of remand ordered by the Second Circuit. This Court was ordered "to determine whether the Free Exercise Clause of the First Amendment or New York State Education Law § 3602–c requires the school district to provide Colleen with a consultant teacher and teacher's aide on-site at St. Brigid's." *Russman,* 150 F.3d at 222. Plaintiff asks the Court to go beyond the Second Circuit's order, which, for the reasons stated above, this Court will not do.

### III. CONCLUSION

For the reasons set forth above, it is

**ORDERED** that Plaintiff's motion for summary judgment be denied in its entirety; and

**FURTHER ORDERED** that Plaintiff's motion seeking leave to amend her complaint be denied; and

**FURTHER ORDERED** that Defendant's cross-motion for summary judgment be granted in its entirety.